RANIER GRAND CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4236.   Promulgated April 12, 1928.

*Robert B. Walkinshaw*, *Esq.*, for the petitioner.
*J. E. Marshall*, *Esq.*, for the respondent.

## OPINION.

MORRIS: At the hearing the parties stipulated or conceded certain questions raised by the petition. The petitioner conceded that of the $245 claimed as a deduction as an ordinary and necessary business expense under the first assignment of error, $95 was not allowable. It abandoned its contention as to $1,159.77.of the $2,247.22 claimed as a deduction under the second assignment of error. The parties stipulated that the second-hand furniture and equipment covered by the third assignment of error should be depreciated at the rate of 14.²/₇ per cent. The respondent conceded that the item of $524.50 contained in the fourth assignment of error represented a deductible expense for 1919.

The first question left for consideration is the deductibility of a $150 contribution to the Fleet Entertainment Committee. The petitioner made the contribution with the expectation of receiving a direct benefit therefrom in proportion to the number of people which would be attracted to the city during fleet week. The relationship which exists between petitioner's business and the assembling of a large number of visitors and tourists within the city needs little comment. The direct benefit which flowed to the petitioner is revealed by the table of room receipts in our findings of fact. It appears that petitioner's business prior to and during fleet week closely approached the receipts of the corresponding weeks in August which is one of the best business months of the summer. The facts herein distinguish this case from our decisions in *The Thomas Shoe Co.*, 1 B. T. A. 124, and *J. A. Majors Co.*, 5 B. T. A. 260, where the contributions were held to be too remote. Our opinion that the $150 contribution is a deductible expense item is in accordance with the rule laid down in *Poinsett Mills*, 1 B. T. A. 6, and followed in *Holt-Granite Mills Co.*, 1 B. T. A. 1246, and *Superior Pocahontas Coal Co.*, 7 B. T. A. 380. See also *Anniston City Land Co.*, 2 B. T. A. 526.

The second question is whether the cost of rearranging the wiring in the hotel should be capitalized or deducted from current earnings as an expense item. The wiring system was changed as to location, enclosed in part by conduits, a new switchboard installed and the old board cut out, and portions of the old wiring torn out by tearing

up parts of the building. We would not go so far as to say that these expenditures improved or prolonged the life of the building or equipment, but we do hold that the expenditures were for a betterment, or alteration and were properly chargeable to capital account.

We have not failed to consider the cases cited by counsel on brief in support of petitioner's contention that the cost should be charged against 1919 earnings. An examination of the cases cited fails to convince us that they are authority for allowing petitioner the deduction claimed. Each case must stand on its own facts, and the facts here indicate that the expenditure of $1,087.45 was not an ordinary and necessary expense.

*Judgment will be entered on 15 days' notice, under Rule 50.*